**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**KAYLA JEFFERSON**                                                                             **PLAINTIFF**

v.                                            **3:06CV00158-WRW**

**GRAHAM L. CROOKS, et al.**                                                            **DEFENDANTS**

**ORDER**

Pending is Plaintiff's Motion For More Definite Statement (Doc. No. 81). Defendants have responded (Doc. No. 82). For the reasons set out below, Plaintiff's Motion is DENIED.

Plaintiff filed a Motion for More Definite Statement, asking the Court to order Defendants to provide more information in connection with Defendants' affirmative defenses.

Federal Rule of Civil Procedure 12(e) reads: "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Rule 7(a) of the Federal Rules of Civil Procedure provides that "[t]here shall be a complaint and an answer . . . " and that "[n]o other pleading shall be allowed, except that the court may order a reply to an answer . . . ." If a defendant plans on asserting affirmative defenses, the defendant must set out those defenses in its answer.[1]

It is not necessary for a plaintiff to file a responsive pleading to a defendant's answer, even when the answer sets out affirmative defenses.[2] Generally, a district court will order a reply to a defendant's answer only when the answer raises a new matter, or, for example, contains a

---

[1] Fed. R. Civ. P. 8(c).

[2] See *Kansas-Nebraska Natural Gas Co. v. Village of Deshler*, 192 F. Supp. 303 (D.C. Neb. 1960), *affirmed* 288 F.2d 717.

Case 3:06-cv-00158-BRW   Document 83   Filed 07/09/08   Page 2 of 2

counter-claim.[3] An affirmative defense is adequately pled if it gives a plaintiff fair notice of the defense.[4]

Defendants' Answer sets out several affirmative defenses.[5] Defendants pled the affirmative defenses specifically enough to put Plaintiffs on notice of the defenses.[6]

Because Defendants adequately pled its affirmative defenses and a response to an answer is not necessary, Plaintiff's Motion For More Definite Statement (Doc. No. 81) is DENIED.

IT IS SO ORDERED this 9th day of July, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] See 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1185 (3d ed. 2004).

[4] *Mark v. Gov't Props. Trust, Inc.*, No. 8:06-CV-769, 2007 U.S. Dist. Lexis 25642, at *7 (D.C. Neb. April 5, 2007). "'Rule 8(c) merely requires affirmative defenses to be affirmatively set forth, but does not require even a short and plain statement.'" *Id.* at *8 (citing *Conocophillips Co. v. Shaffer*, No. 3:05-CV-7131, 2005 U.S. Dist. Lexis 20384, at *2 (N.D. Ohio Sept. 19, 2005)).

[5] Doc. No. 12.

[6] See *Id.*

2